1  Brian Hennessy (SBN 226721)
2  E-mail: BHennessy@perkinscoie.com
3  **Perkins Coie LLP**
4  101 Jefferson Drive
5  Menlo Park, CA 94025-1114
6  Telephone: (650) 838-4300
7  Facsimile: (650) 838-4350
8
9  Elizabeth L. McDougall, WA Bar No. 27026 (*pro hac vice*)
10  E-mail: EMcDougall@perkinscoie.com
11  **Perkins Coie LLP**
12  1201 Third Avenue, Suite 4800
13  Seattle, Washington 98101-3099
14  Telephone: (206) 359-8000
15  Facsimile: (206) 359-9000
16
17  Attorneys for Plaintiff
18  craigslist, Inc.
19
20
21                    UNITED STATES DISTRICT COURT
22
23                  NORTHERN DISTRICT OF CALIFORNIA
24
25                      SAN FRANCISCO DIVISION
26
27

| craigslist, Inc., a Delaware corporation, | Case No. CV-08-5065 PJH |
|---|---|
| Plaintiff, | **DECLARATION OF ELIZABETH MCDOUGALL IN SUPPORT OF CRAIGSLIST, INC.'S MOTION FOR DEFAULT JUDGMENT** |
| v. | |
| Naturemarket, Inc. d/b/a powerpostings.com; Igor Gasov; and Does 2 through 25, inclusive, | |
| Defendants. | |

        1.      I am counsel of record for plaintiff craigslist, Inc. ("craigslist") in the above-

captioned action. I have personal knowledge of the facts set forth in this declaration, and, if

called to do so, could and would competently testify thereto.

**General Background**

2.      I am a partner at the law firm of Perkins Coie LLP.  Perkins Coie is an international law firm with more than 700 lawyers in 15 offices in the United States and China.

3.      I am the lead partner in this litigation and have worked with craigslist to develop and implement an enforcement program targeting persons and entities that seek to abuse craigslist's website and related services.  I have worked extensively on this case and have first-hand knowledge of the effort that has been required to litigate this matter.

4.      craigslist hired Perkins Coie to help protect its website, services, and customers from the growing harm caused by software and services that permit the automatic posting of content on craigslist's website without authorization and in excess of the authorization provided by craigslist's terms of use.  Perkins Coie investigated and researched the automated posting products and services violating the craigslist website and services and researched the legal theories available to craigslist to stop this unauthorized and harmful activity.  As of the date of this declaration, Perkins Coie has filed 14 enforcement related lawsuits on behalf of craigslist.

5.      Defendants' products and activities presented novel legal issues that required thorough factual and legal research.  For example, issues related to Defendants' infringement of craigslist's copyrights are founded primarily on the theory advanced by the plaintiffs and accepted by the court in _Ticketmaster L.L.C. v. RMG Technologies, Inc._, 507 F. Supp. 2d 1096 (C.D. Cal. 2007).

6.      In November of 2008, craigslist filed this lawsuit against defendant Naturemarket LLC and John Does 1-25, and in March of 2009, craigslist amended the Complaint to name Igor Gasov as an individual defendant.  Perkins Coie initiated the lawsuit on craigslist's behalf after our investigation revealed that Defendants created, marketed, distributed, and supported "craigslist Autoposter Pro" and related products.

7.    In the course of our investigation, we learned that Defendants claimed that they had researched, developed, and sold their products for two years.  In addition, Defendants sold posting agent services, phone verified accounts, spamming tools, and a CAPTCHA solving service.  These products and services violated craigslist's Terms of Use and legal rights and allowed people to circumvent craigslist's security features meant both to limit the number of accounts that a single user may use and to ensure that each ad is manually posted.

8.    The following summary of litigation activities describes the types of activities that Perkins Coie time keepers recorded under a matter number used to track the effort expended only on this case.  Efforts expended by Perkins Coie time keepers on other craigslist litigation were recorded to other matter numbers.  In addition, where efforts could not be separated and applied to specific litigation matters, they were recorded to a separate general matter and are not reflected in this request for attorneys' fees.

9.    I have reviewed the time entries recorded to the matter for this litigation and have made adjustments and verified that the summaries provided in this declaration fairly and accurately reflect the effort expended by Perkins Coie time keepers on this litigation.

**Summary of Litigation Activities and Effort Expended**

Investigation:

10.    Perkins Coie attorneys and paralegals were required to expend considerable time investigating and monitoring Defendants' activities.  Subsequent to the initial investigation in which we gathered the information used to file the Complaint (and which is not reflected in this fee request), it was necessary to continually monitor Defendants' website and other internet message boards and forums dedicated to the autoposting, posting agent service, and craigslist marketing community.

DECLARATION OF ELIZABETH MCDOUGALL IN SUPPORT OF MOTION FOR DEFAULT
JUDGMENT

11.     Though craigslist finally served Naturemarket LLC and Igor Gasov at the address they had registered with the New York Secretary of State, craigslist's attempts to serve Defendants at that address were initially unsuccessful because residents at that address misled craigslist's process servers and erroneously informed them that Igor Gasov did not live there. Due to this false information, Perkins Coie attorneys and paralegals then dedicated considerable time to investigating the Defendants' possible location for service and to researching alternative methods of service.  We attempted to locate Defendants in New York and Florida through requests for public records, reviews of public information, and telephone conversations with companies possibly affiliated with Defendants.

12.     Perkins Coie attorneys and paralegals also prepared and filed a motion for expedited discovery requesting permission to serve subpoenas on third party internet service providers and privacy registrants that might have information regarding the location of Naturemarket LLC and Igor Gasov.  This Court granted craigslist's motion for expedited discovery, and on December 22, 2008, we sent subpoenas to Myprivateregistration.com, Altavista, and Defender Technologies.  Based on the subpoena responses, we then sent a subpoena to Yahoo on December 31, 2008; Level 3 Communications, Inc., CSC Holdings Inc., and RackVibe LLC on February 6, 2009; and Earthlink on February 17, 2009.  We corresponded with the subpoena recipients regarding document production schedules, reviewed the materials provided, and discussed the information with the third parties.

13.     The total effort expended on investigation activities for which craigslist seeks an award of attorneys' fee is 93.6 hours.

First Request for Entry of Default and First Amended Complaint:

**DECLARATION OF ELIZABETH MCDOUGALL IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT**

14.     On March 25, 2009, craigslist requested entry of default against Naturemarket

LLC and Igor Gasov as John Doe 1. The Court entered default against Naturemarket and denied

default as to Igor Gasov. Perkins Coie attorneys and paralegals then researched the requirements

to amend its Complaint, investigated possible parties to the Complaint, amended the Complaint,

and coordinated service of the First Amended Complaint. The total effort expended on

reviewing, revising, filing and serving the First Request for Entry of Default and First Amended

Complaint for which craigslist seeks an award of attorneys' fees is 36.8 hours.

Settlement Negotiations:

15.     Shortly after default was entered against Naturemarket, LLC and Igor Gasov was

served with the First Amended Complaint, we were contacted by counsel for defendant Gasov

who indicated that Gasov was interested in settlement. We expended considerable effort

negotiating with Gasov's counsel in an effort to resolve this matter. This required extensive

correspondence, discussion of Court deadlines, negotiations of filing schedules, and a face to

face meeting regarding settlement. As a result of Gasov's erratic and evasive behavior, these

efforts were more time consuming than they ordinarily would have been for a case of this size.

The total effort expended on settlement related activities for which craigslist seeks an award of

attorneys' fees is 23 hours.

Case Management Conference and other Administrative Filings

16.     Perkins Coie attorneys monitored Court deadlines, prepared the necessary

documents related to ADR and case deadlines, and prepared and filed documents to extend

deadlines when extensions were required to allow the parties to continue settlement discussions

or to respond to Defendants' every changing litigation posture. We also prepared the Case

Management Conference statement, conducted a 26(f) conference, filed a motion to vacate the

**DECLARATION OF ELIZABETH MCDOUGALL IN SUPPORT OF MOTION FOR DEFAULT
JUDGMENT**

Case Management Conference, attended the Case Management Conference, and complied with other administrative requirements. The total effort expended on these tasks is 43.4 hours.

Motion for Default Judgment:

17.     Perkins Coie attorneys dedicated considerable time to researching and preparing the Motion for Default Judgment. Defendants' refusal to defend itself in this litigation has prejudiced craigslist by preventing it from obtaining full and complete information related to Defendants' profits and to quantification of actual damages, which craigslist is legally entitled to recover. As a result of Defendants' default we were required to research the legal standards applicable to damages on a default judgment as well as case law and damages available under each claim. We were also required to review evidence and research its admissibility before drafting, editing, and filing the motion and accompanying declarations. The total effort expended on activities related to the preparation and filing of this motion for default judgment for which craigslist seeks an award of attorneys' fees is 50.6 hours.

**Attorney Experience and Hourly Rates**

18.     Perkins Coie bills craigslist for its legal services by applying its standard hourly rate to the time expended on each individual matter. The hourly rate of each time keeper is determined based on the position and experience of the timekeeper.

19.     Perkins Coie has represented craigslist for many years and provides legal services to craigslist in a number of substantive areas. As such, Perkins Coie is able to efficiently and effectively represent craigslist as it has a deep understanding of craigslist's business and legal issues. The attorney with primary responsibility for craigslist reviews each bill before it is sent to craigslist and from time to time will write-off or write down time. Any time written off from craigslist's invoices was not included in this request for fees.

**DECLARATION OF ELIZABETH MCDOUGALL IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45

20.    Perkins Coie reviews its billing rates annually and adjusts them based on experience levels, market factors, and inflation to ensure that they are within the range of the prevailing rates of attorneys with similar experience in law firms of similar size.

21.    Other than myself, the attorneys and paralegals who have worked consistently on this case are James McCullagh, Brian Hennessy, Nicholas Manheim, Liling Poh, and David Weeks. Their professional experience and description of their work on this case are briefly summarized in the following paragraphs:

22.    Elizabeth McDougall: I have been a practicing attorney since 1993 and am a seventh year partner at Perkins Coie. My practice has focused on commercial litigation since 1993 with a substantial portion of my practice devoted to intellectual property and internet related issues. I am routinely the lead attorney on matters and routinely appear before federal and state judges. I am the lead attorney in this matter and took the lead role in all court filings and in negotiations with defendants. My billing rate was $525 /hr. in 2008, $550 /hr. in January-March 2009, and $549.00 /hr. in April-June 2009.

23.    James McCullagh: James McCullagh has been a practicing attorney since 1999 after completing a two-year appellate court clerkship. He is a fourth year partner at Perkins Coie LLP. Mr. McCullagh's area of practice is commercial litigation with a substantial portion of his practice devoted to intellectual property and internet related issues. Mr. McCullagh has worked extensively on this case, and his responsibilities have included: researching and preparing the Complaint, investigating the Defendants, consulting with craigslist, working on settlement documents and related negotiations, supervising other attorneys and paralegals, and managing other day-to-day litigation tasks. Mr. McCullagh's billing rate was $485 /hr. in 2008, $500 /hr. in January-March 2009, and $499.50 /hr. in April-June 2009.

DECLARATION OF ELIZABETH MCDOUGALL IN SUPPORT OF MOTION FOR DEFAULT
JUDGMENT

24. Brian Hennessy: Brian Hennessy is a fifth year associate. Prior to joining

Perkins Coie LLP, Mr. Hennessy was an associate at Thelen Reid Brown Raysman & Steiner

LLP and a solo practitioner. Mr. Hennessy's area of practice is commercial litigation with a

substantial portion of his practice devoted to intellectual property issues. He has been an

attorney since 2003, and is admitted to practice in the State of California as well as many federal

jurisdictions, including the U.S. District Court for the Northern District of California. Mr.

Hennessy has worked extensively on this case, and his responsibilities have included:

researching and preparing the Complaint, investigating the Defendants, communicating with

Defendants' counsel, supervising other attorneys and paralegals, and managing other day-to-day

litigation tasks. Mr. Hennessy's billing rate was $395 /hr. in 2008, $425 /hr. in January-March

2009, and $423 /hr. in April-June 2009.

25. Nicholas Manheim: Nicholas Manheim is a second year associate. Prior to

joining Perkins Coie LLP, Mr. Manheim graduated from Columbia University School of Law.

Mr. Manheim's area of practice is commercial litigation with a substantial portion of his practice

devoted to intellectual property issues. He is admitted to practice in the State of Washington as

well as many federal jurisdictions, including the U.S. District Court for the Western District of

Washington. Mr. Manheim has worked extensively on this case, and his responsibilities have

included: researching and preparing the Complaint, investigating the Defendants, communicating

with Defendants' counsel, supervising other attorneys and paralegals, drafting motions,

researching legal issues, and managing other day-to-day litigation tasks. Mr. Manheim's billing

rate was $265 /hr. in 2008, $300 /hr. in January-March 2009, and $301.5 /hr. in April-June 2009.

26. Liling Poh: Liling Poh is a first year associate. Prior to joining Perkins Coie

LLP, Ms. Poh received her J.D. from Syracuse University College of Law and her LL.M. from

40753-0043/LEGAL16417946.1                    -8-                    CASE NO. CV-08-5065 PJH

**DECLARATION OF ELIZABETH MCDOUGALL IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT**

The George Washington University Law School. Ms. Poh's area of practice is commercial litigation with a substantial portion of her practice devoted to intellectual property issues. She is admitted to practice in the State of California. Ms. Poh has worked extensively on this case, and her responsibilities have included: investigating the Defendants, preparing subpoenas, corresponding with third parties, compiling subpoena responses, researching legal issues, and managing other day-to-day litigation tasks. Ms. Poh's billing rate was $310 /hr. in 2008, $320 /hr. in January-March 2009, and $319.50 /hr. in April-June 2009.

27.    David Weeks: David Weeks has been a paralegal since 2000 and is currently a paralegal in the commercial litigation department at Perkins Coie LLP. Mr. Weeks has extensive experience managing large litigations. He has worked extensively on this case, and his responsibilities have included: investigating the Defendants, managing documents, supervising other paralegals, and handling day-to-day litigation tasks. Mr. Weeks billing rate was $230 /hr. in 2008, $240 /hr. in January-March 2009, and $238.40 in April-June 2009.

28.    A break down of the time spent by time keeper on each of the general categories mentioned is attached as Exhibit A.

29.    The total fees for the attorneys and paralegals mentioned above is $83,615.00.

30.    The litigation costs include messenger and service costs of $1,152.07, pro hac vice costs of $210.00, and a filing fee of $350.00, for a total of $1,712.07.

31.    Based upon my experience and knowledge of the hourly rates charged by attorneys with comparable experience who are practicing in firms of comparable size and stature to Perkins Coie LLP, the hourly fees we have charged to craigslist are less than those that would routinely be charged by similarly situated attorneys. For a case involving novel and difficult questions such as this one, preparation of the Complaint and Motion for Default Judgment

DECLARATION OF ELIZABETH MCDOUGALL IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT

required significant and wide-reaching research. This case focused on the ever-changing technologies and security measures employed on the internet, and developing successful strategies for approaching these novel concepts requires unusual effort and skill. Though the novel issues in this case required substantial research and examination, we did not include any of the fees incurred prior to the filing of the complaint or fees for work that was not easily separated as applying solely to this case. Therefore, the attorneys' fees and expenses requested here are a conservative estimate of the fees that craigslist is entitled to receive.

32.     In sum, it is my opinion that the time and labor incurred and the related hourly rates charged are reasonable. It is also my opinion that this fee request satisfies the criteria set forth in Rule 1.5 of the Rules of Professional Conduct.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

DATED this 30th day of June, 2009,

/s/Elizabeth L. McDougall
Elizabeth L. McDougall, WSBA #27026

**DECLARATION OF ELIZABETH MCDOUGALL IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT**